# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**BEN ANGERSTEIN ET AL**　　　　　　　**CASE NO.  2:21-CV-02147**

**VERSUS**　　　　　　　　　　　　　**JUDGE JAMES D. CAIN, JR.**

**AMERICAN SOUTHERN HOME**　　　**MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM RULING

Before the court are a Motion to Dismiss, Motion to Stay, and Motion to Compel Appraisal [doc. 5] filed by defendant American Southern Home Insurance Company ("American Southern"). Plaintiffs oppose the motions. Doc. 8. They have also filed a Motion for Hearing. Doc. 9.

## I.
### BACKGROUND

This lawsuit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, plaintiffs allege, they had in place a homeowner's insurance policy with American Southern. Under Section I, "Conditions," American Southern's policy provides in relevant part:

> 8. Appraisal
>      If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed

upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Doc. 5, att. 3, p. 29. Subsection 15, "Suits Against Us," further provides that no action may be brought against the defendant "unless there has been full compliance with all of the terms under **SECTION I** of this policy" and the suit is filed within one year of the date of loss. *Id.* at 30.

American Southern issued initial and supplemental payments after inspection and reinspection of the property. Doc. 5, att. 2. Plaintiffs remained dissatisfied with the amount, however, and invoked the appraisal process on January 14, 2021. *Id.* The parties designated their respective appraisers (James Howard for plaintiffs and John Oden for American Southern) on February 2, 2021. Doc. 5, atts. 4 & 5. Oden's first status report, however, indicates that plaintiffs' counsel had requested a temporary hold on the appraisal.[1] Doc. 5, att. 6. On February 18, 2021, plaintiffs' counsel presented American Southern with a proof of loss in excess of policy limits. Doc. 5, att. 7. Five days later, plaintiffs' counsel sent an email stating that plaintiffs wished to withdraw their request for appraisal. Doc. 5, att. 8. Counsel also suggested that a reinspection might be helpful, given the difference in their estimates. *Id.* American Southern's representative responded that he was not willing to withdraw from appraisal at this time but would discuss a settlement with full release. *Id.*

The appraisers conducted a joint inspection of the property on June 11, 2021. Doc. 5, atts. 13 & 14. After this inspection, according to Oden's status reports, Oden contacted

---

[1] According to this report, Howard told Oden that plaintiffs were not returning their attorney's calls. Doc. 5, att. 6.

Howard about the status of his (Howard's) report multiple times through August 12, 2021. Doc. 5, atts. 14–16. Howard produced this report on August 14, 2021. Doc. 8, att. 2. On July 22, 2021, however, plaintiffs filed the instant suit, raising claims of breach of insurance contract and bad faith against American Southern. Doc. 1.

American Southern now moves to dismiss the plaintiffs' claims, asserting that they voided the policy by invoking its appraisal process and then filing suit rather than participating. Doc. 5. Alternatively, it requests that the court compel plaintiffs' participation in this process. Plaintiffs oppose the motion, arguing that (1) the appraisal process does not eliminate their cause of action, (2) they have complied with the appraisal process, and (3) any delay in their compliance is not grounds for dismissal. Doc. 8.

## II.
### LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). In these motions, however, both parties rely on numerous exhibits not falling within Rule 12(b)(6)'s scope. Accordingly, the court will convert this motion under Federal Rule of Civil Procedure 12(d) and resolve the matter under summary judgment standards.

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]" *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)). Accordingly, an insured's failure to cooperate with the insurer and to fulfill his obligations under the policy may be asserted as a material breach and a defense to suit. *Spindel v. Bankers Spec. Ins. Co.*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010). Louisiana courts have also emphasized, however, that

> a cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.

*Jackson v. State Farm Fire & Cas. Co.*, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010). Instead, dismissal on these grounds is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice. *Kerr v. State Farm Fire & Cas. Co.*, 934 F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted). Courts have found that the insured's claims are not subject to dismissal when he can offer a "reasonable explanation" for his noncompliance. *Beasley v. GeoVera Spec. Ins. Co.*, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015). If no such explanation is offered, the insurer may establish prejudice by showing "that it is unable to obtain information while it is still fresh . . . ." *Spindel*, 2010 WL 5439706 at *2.

American Southern argues that dismissal is in order because plaintiffs failed to complete the appraisal process before filing suit. Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law. *See, e.g., Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. Ct. App. 1st Cir. Nov. 1, 2013); *So. Fid. Ins. Co. v. Martin*, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). Analyzing similar policy terms, as American Southern notes, the Eastern District has found that a "Suits Against Us" clause renders completion of appraisal a valid condition precedent to suit. *Beasley v. GeoVera Spec. Ins. Co.*, 2013 WL 3187289 (E.D. La. Jun. 20, 2013). In that matter, however, the court stayed the suit pending completion of appraisal rather than dismissing plaintiffs' causes of action. *Id.* In a much older case, a Louisiana appeals court held that the proper remedy for violation of this condition was dismissal. *Girard v. Atl. Mut. Ins. Co.*, 198 So.2d 444 (La. Ct. App. 4th Cir. 1967).

This court agrees that the policy language renders completion of the appraisal process, once invoked, a valid condition precedent to filing suit. It does not find dismissal justified in this matter, however, where (1) it was plaintiffs who invoked appraisal; (2) the "Suits Against Us" clause also gave plaintiffs just a one-year time limit from the date of loss for filing suit; and (3) American Southern has identified no actual and specific prejudice resulting from plaintiffs' premature filing. Accordingly, the court will deny the motion to dismiss but grant the motion to compel.

As for the motion to stay, the court retains jurisdiction over the suit regardless of the appraisal clause's validity or enforceability. *See St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire and Cas. Co.*, 681 F.Supp.2d 748, 753 (E.D. La. 2010) (collecting cases).

The court also has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery" and "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982). This includes discretion to determine if an insurance dispute should be stayed pending appraisal. *Newman v. Lexington Ins. Co.*, 2006 WL 1063578, at *4 (E.D. La. Apr. 4, 2007).

In this matter the appraisal process is nearly complete—both appraisers have been selected and issued their reports. All that is left is for them to confer and, if they cannot come to an agreement, submit the matter to an umpire. The case also falls under the Case Management Order's Streamlined Settlement Process, setting abbreviated deadlines but only requiring standard initial disclosures over the next few weeks. Given this posture, the parties will be able to complete the appraisal process without incurring significant additional costs in the event that it allows them to resolve the case. Staying the case, on the other hand, would cause delays in the court's docket and generally defeat the Case Management Order's purpose of handling these hurricane first-party insurance disputes as expeditiously as possible. Accordingly, the Motion to Stay will be denied.

## IV.
### CONCLUSION

For the reasons stated above, Motion to Dismiss and Motion to Stay [doc. 5] will be denied while the Motion to Compel Appraisal [doc. 5] will be granted, with Deputy Special Master Cade R. Cole appointed as umpire for the purpose of expediting the process. The Motion for Hearing [doc. 9] will likewise be denied.

**THUS DONE AND SIGNED** in Chambers on this 17th day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**