UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BEN ANGERSTEIN ET AL** | **CASE NO. 2:21-CV-02147** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SOUTHERN HOME INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Confirm Appraisal Award" [Doc. 17] filed by Defendant, American Southern Home Insurance Company ("American Southern"). American Southern requests that this Court confirm the appraisal award made by both parties' appraisers as the amount of contractual damages sustained by Plaintiffs under Coverages A (Dwelling) and B (Other Structures). Plaintiffs oppose this motion [Doc. 21] and American Southern has replied to the opposition [Doc. 22]. As such, this matter is fully briefed and ready for ruling.

## INTRODUCTION

This lawsuit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, plaintiffs had in place a homeowner's insurance policy with American Southern number GD09328257. Under Section I, "Conditions," American Southern's policy provides in relevant part:

> 8. Appraisal
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon

> an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Doc. 17-1 p. 2. American Southern issued initial and supplemental payments after inspection and reinspection of the property. Doc. 17-1. Plaintiffs remained dissatisfied with the amount, however, and invoked the appraisal process on January 14, 2021. *Id.* The parties designated their respective appraisers (James Howard for plaintiffs and John Oden for American Southern) on February 2, 2021. *Id.* Oden's first status report, however, indicates that plaintiffs' counsel had requested a temporary hold on the appraisal. On February 18, 2021, plaintiffs' counsel presented American Southern with a proof of loss in excess of policy limits. *Id.* Five days later, plaintiffs' counsel sent an email stating that plaintiffs wished to withdraw their request for appraisal. Doc. 5-8. Counsel also suggested that a reinspection might be helpful, given the difference in their estimates. *Id.* American Southern's representative responded that he was not willing to withdraw from appraisal at this time but would discuss a settlement with full release. *Id.*

The appraisers conducted a joint inspection of the property on June 11, 2021. Doc. 5, atts. 13 & 14. After this inspection, according to Oden's status reports, Oden contacted Howard about the status of his (Howard's) report multiple times through August 12, 2021. Doc. 5, atts. 14–16. Howard produced this report on August 14, 2021. Doc. 8, att. 2. On

July 22, 2021, however, plaintiffs filed the instant suit, raising claims of breach of insurance contract and bad faith against American Southern. Doc. 1.

In response to Plaintiffs' Complaint, American Southern filed a Rule 12(b)(6) Motion to Dismiss and Motion to Compel Appraisal on September 1, 2021 [Doc. 5]. This Court denied American Southern's Motion to Dismiss, but granted American Southern's Motion to Compel Appraisal and appointed Deputy Special Master Cade R. Cole as umpire in the event the appraisers reached an impasse [Doc. 12].

On November 12, 2021, the appraisers reached an agreed appraisal award setting the amount of loss for Dwelling: $38,645.68 RCV, $36, 138.52 ACV, and Other Structures: $12,459.20 RCV, $11,224.02 ACV. Doc. 17-2. On December 10, 2021, American Southern timely tendered supplemental payment to Plaintiffs based on the appraisal award. Doc. 17-3. No additional payments were made for Other Structures because the limits were exhausted. *Id.*

American Southern now moves to confirm the Appraisal Award because an appraisal award has been reached by the appraisers without the use of an umpire. As such, American Southern argues that this effectively sets the amount of loss for Dwelling and Other Structures.

## **LAW AND ANALYSIS**

American Southern moves to confirm the appraisal award, whereas Plaintiffs maintain that the appraisal award is not binding. American Southern argues that the instant case is "nearly the exact scenario" presented in *McDaniel v. Weston Specialty Ins. Co.*, Civil Action 2:32-4380, Doc. 12. In *McDaniel*, the defendant insurer only sought to

confirm the appraisal award for dwelling and other structure damages and this Court confirmed the appraisal. However, the Court recognizes that *McDaniel* is distinguishable for two reasons: (1) the *McDaniel* motion was unopposed by the plaintiffs, and (2) the *McDaniel* policy language does not include a provision that states the appraisal language will not be binding on either party.

Plaintiffs rely on the express policy language which states that "[a]ny outcome of the appraisal will not be binding on either party."[1] Plaintiffs also rely on this Court's previous rulings in *Kuykendall v. Allied Trust Insurance Company*, Civil Action 2:21-614, Doc. 19; and *Crador v. Allied Trust Insurance Company*, Civil Action 2:21-924, Doc. 26. In *Kuykendall* and *Crador,* the Court denied Allied's motion to confirm the appraisal award because the policy language expressly stated that the outcome of the appraisal will not be binding on either party. The Court recognizes that the policy language in both *Kuykendall* and *Crador* is identical to the policy language at issue in this motion. The policy clearly states that the appraisal is not binding on the parties. Furthermore, there are other issues to be resolved in this case such as alleged claims for personal property loss, additional living expenses, contractual damages, penalties, and attorney's fees. The Court considers the tendered amount that Plaintiffs accepted, as the undisputed amount of loss.

Accordingly,

---

[1] American Southern's Memorandum p. 2 Doc. 17-1.

**IT IS ORDERED** that American Southern's "Motion to Confirm Appraisal Award" [Doc. 17] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 27th day of July, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**